SUMMARY ORDER

Petitioner Bee Keing Elyzabeth, a native and citizen of Indonesia, seeks review of a September 27, 2007 order of the BIA affirming the September 15, 2005 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bee Keing Elyzabeth, No. A 97 479 948 (B.I.A. Sept. 27, 2007), aff'g No. A 97 479 948 (Immig. Ct. N.Y. City Sept. 15, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find no error in the agency’s conclusion that Elyzabeth failed to meet her burden of proof on her application for asylum and withholding of removal. Ely-zabeth does not contend that she endured past persecution. Moreover, the agency’s finding that Elyzabeth failed to demonstrate a well-founded fear of future persecution is supported by the record. Although Elyzabeth argues that a 2002 bomb threat which occurred in a mall where Elyzabeth was shopping caused her to flee Indonesia, the agency correctly observed that the bomb threat was an act of indiscriminate terrorism that did not target members of a protected group. See 8 U.S.C. § 1101(a)(42). As the government argues, Elyzabeth’s fear of generalized violence is not a proper basis for asylum where she presented no evidence that the violence targeted Chinese Christians. See Melgar de Torres v. Reno, 191 F.3d 307, 313 n. 2 (2d Cir.1999). The objective reasonableness of Elyzabeth’s fear of persecution is also undermined by the fact that, as the agency found, her similarly situated family-members remain in Indonesia unharmed. See id. at 313; Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005) (upholding agency finding that an Indonesian petitioner’s fear of persecution was diminished when “family members remain in petitioner’s native country without meeting harm”).
The agency also did not err in finding that Elyzabeth failed to establish that there is a pattern or practice of persecution against Chinese Christians in Indonesia. Elyzabeth argues that the IJ failed to consider her pattern-or-practice claim pursuant to 8 C.F.R. § 208.16(b)(2). We disagree. Unlike in Mufied v. Mukasey, 508 F.3d 88 (2d Cir.2007), the IJ here expressly found the claim to be unavailing. Al *132 though the IJ did not expressly address the documents that Elyzabeth submitted in support of that claim, and it is error for an IJ to ignore “significant information favorable to” the petitioner, Passi v. Mukasey, 535 F.3d 98, 102 (2d Cir.2008) (internal quotation marks omitted), a remand for the IJ to consider the evidence in this case would be futile, see Cao He Lin v. DOJ, 428 F.3d 391, 401 (2d Cir.2005).
The BIA has concluded that, for a pattern-or-practice claim to succeed, a petitioner must show that persecution against the petitioner’s group is “systemic or pervasive.” In re A-M-, 23 I. & N. Dec. 737, 741 (B.I.A.2005). We have found this standard to be reasonable, although we have noted that it may not be sufficient in some cases to evaluate pattern-or-practiee claims. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 150 n. 6 (2d Cir.2008); Mufied, 508 F.3d at 92-93. Whatever the precise contours of the standard, Elyza-beth has not submitted evidence that could arguably show that Chinese Christians are subject to systemic or pervasive persecution in Indonesia. Rather, the evidence at most demonstrates that there have been some incidents of terrorism and sectarian violence in Indonesia against Christians. We therefore find no error in the agency’s denial of her patter-or-practiee claim.
Finally, we lack jurisdiction to review Elyzabeth’s challenge to the agency’s denial of her application for CAT the BIA. 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, with respect to that category of relief, we must dismiss the petition for review.
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).